IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
SEP 2 4 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:08CR527–HEH
) Civil Action No. 3:11CV212–HEH
DeANDREW LAMONT CARTER, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

DeAndrew Lamont Carter, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion" (ECF No. 31)). In the § 2255 Motion, Carter makes the following claim for relief: Petitioner is "actually innocent" of the Armed Career Criminal Act enhancement imposed by the District Court because his predicate offense, unlawful wounding under Va. Code § 18.2-51, "does not contain the requisite element of physical force as mandated by [18 U.S.C.] § 924(e)(1)," and therefore the enhancement was incorrectly applied. (§ 2255 Mot. 5 (punctuation corrected).) The Government has moved to dismiss the § 2255 Motion on the grounds that Petitioner's prior conviction pursuant to Virginia's unlawful wounding statute, Va. Code § 18.2-51, qualified as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Carter subsequently filed "PETITIONER'S TRAVERSE TO THE GOVERNMENT'S RESPONSE TO THE PETITIONER'S TITLE 28 U.S.C. § 2255 PETITION" ("Petitioner's Traverse" (ECF No. 35)) in which he alleges the Government's Response was based on two erroneous

conclusions of law, including that his conviction for conspiracy to distribute cocaine constitutes a "serious drug offense" as defined in § 924(e)(2). For the reasons set forth below, the § 2255 Motion will be denied.

## I. Background

On December 16, 2008, Carter was charged in a two-count criminal indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count One"), and possession of cocaine ("Count Two"). On January 6, 2010, pursuant to a plea agreement with the Government, Carter pled guilty to Count One. The Plea Agreement explained that if Carter was found to qualify for an enhancement under the ACCA then he faced "a term of imprisonment of not less than fifteen years, and a maximum penalty of life imprisonment." (Plea Agreement ¶ 1.)

Ultimately, Carter qualified for an enhanced sentence because he pled guilty to violating 18 U.S.C. § 922(g), was over the age of eighteen at the time he committed the offense, and had four prior qualifying felony offenses that occurred on separate dates, which included unlawful wounding, conspiracy to distribute cocaine, distribution of cocaine, and possession of cocaine with intent to distribute. (Presentence Report ¶ 47; Def.'s Position on Sentencing (ECF No. 25) 1.) The Court subsequently dismissed Count Two and sentenced Carter to 188 months of incarceration. Judgment was entered on April 6, 2010. Thereafter, Carter filed his § 2255 Motion.

## II. Armed Career Criminal Act

"The ACCA provides an enhanced sentence for any person who unlawfully possesses a firearm in violation of 18 U.S.C. § 922(g) and 'has three previous convictions

... for a violent felony or a serious drug offense . . . .'" *Custis v. United States*, 511 U.S. 485, 490 (1994) (final omission in original) (footnote omitted).

A "violent felony" includes:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)–(ii) (emphasis added). Additionally, the statute defines a "serious drug offense," as pertinent here, as: "[A]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." 18 U.S.C. § 924(e)(2)(A)(ii).

Courts interpreting § 924(e) use a categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). This approach "focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction . . . ." *United States v. Cabrera-Umanzor*, – F.3d –, No. 11-4621, 2013 WL 4504916, at *1 (4th Cir. Aug. 26, 2013) (citation omitted). However, in cases involving a "divisible" statute, or a statute "that set[s] out elements in the alternative and thus create[s] multiple versions of the crime," the Court will apply a modified categorical approach instead. *Id.* at *2 (citations omitted). The Court can thus "consult certain approved 'extra-statutory materials . . . to

3

determine which statutory phrase was the basis for conviction.'" *Id.* (omission in original) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013)).

For the reasons stated below, Carter's unlawful wounding conviction qualifies as a violent felony and his conspiracy to distribute cocaine constitutes a serious drug offense under the ACCA. Therefore, combined with his other prior offenses, he is subject to a sentencing enhancement.

### III. Unlawful Wounding under Va. Code § 18.2-51

Virginia Code § 18.2-51 states:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51 (West 2013). The statute thus creates four separate crimes: 1) malicious wounding; 2) maliciously causing bodily injury; 3) unlawful wounding; or, 4) unlawfully causing bodily injury. Therefore, because § 18.2-51 is a divisible statute, this Court may apply the modified categorical approach to determine which statutory phrase was the basis for Carter's conviction. Carter was ultimately convicted of unlawful wounding under § 18.2-51. (Presentence Report ¶ 33.)

The Fourth Circuit has held that an unlawful wounding conviction under § 18.2-51 constitutes a violent felony for purposes of the ACCA. *See United States v. Etheridge*, 932 F.2d 318, 323 (4th Cir. 1991); *United States v. Candiloro*, 322 F. App'x 332, 333 (4th Cir. 2009) (per curiam); *United States v. Joyner*, No. 99-4137, 1999 WL 824631, at

*3 (4th Cir. Oct. 15, 1999).[1] However, recently one court held that "§ 18.2-51 does not, categorically, have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Lopez-Reyes*, – F. Supp. 2d –, 2013 WL 1966883, at *2 (E.D. Va. May 10, 2013) (quoting U.S.S.G. § 2L1.2, App. Note 1(B)(iii)).

Nevertheless, § 924(e) provides that a violent felony may also be defined as "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based on the plain meaning of the Virginia statute, a conviction under § 18.2-51 requires evidence of "bodily injury [to the victim], with the intent to maim, disfigure, disable, or kill . . . ." Va. Code Ann. § 18.2-51. Thus, undoubtedly, a violation of § 18.2-51 "presents a serious potential risk of physical injury to another" as required under § 924(e). Accordingly, Carter's unlawful wounding conviction qualifies as a predicate offense for his sentence enhancement under the ACCA.

### IV. Conspiracy to Distribute Cocaine

The Virginia statute defining conspiracy to distribute cocaine requires a term of imprisonment "not less than five nor more than 40 years." Va. Code Ann. § 18.2-248(C). Carter confuses the interpretation of the Virginia statute and § 924(e)(2)(A)(ii), which

---

[1] Other courts have also held that the Virginia statute requires the use of physical force. *See Bushnell v. AG of the United States*, No. 12-2330, 2013 WL 2436659, at *3 (3d Cir. June 6, 2013) ("[T]he agency was correct in its determination that the offense of unlawful wounding under Va. Code Ann. § 18.2-51 is one that has as an element the use of physical force against the person of another . . . .") (citation omitted); *United States v. Cobo-Raymundo*, 493 F. App'x 848, 850 (9th Cir. 2012) ("§ 18.2-51 clearly requires the intentional use of physical force . . . .") (citations omitted); *Taylor v. United States*, 2005 WL 1950148, at *1 (W.D. Va. Aug. 11, 2005).

5

requires a "serious drug offense" to carry "a maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A)(ii). Instead of focusing on the actual sentence imposed, the Court should focus on the potential sentence Carter could have received. *See United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012). Carter's conviction for conspiracy to distribute cocaine carried a potential maximum term of imprisonment of 40 years, and thus clearly falls within a "serious drug offense" as defined in section 924(e).

Accordingly, because Carter's prior convictions constitute a violent felony and a serious drug offense his sentence was not illegally enhanced, and thus his claim that the Court improperly sentenced him under the ACCA will be dismissed.[2]

## V. Conclusion

For the foregoing reasons, Carter's § 2255 Motion will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

---

[2] Carter does not dispute that his Virginia convictions for distribution of cocaine and possession of cocaine with intent to distribute qualify as predicate offenses for an enhancement under the ACCA. (Presentence Report ¶¶ 35, 47.)

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Carter is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 23, 2013
Richmond, VA